# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:08CR00024-015 |
| v. | ) | **OPINION AND ORDER** |
| **BRYAN KENDALL MORRISON,** | ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Bryan Kendall Morrison, Pro Se Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant ineligible for relief and I will deny the motion.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five

grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b). However, defendants are ineligible for a reduced sentence under the 2018 FSA if their sentence "was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." 2018 FSA § 404(c).

The defendant was indicted in this court on May 28, 2008, and charged with conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The United States filed an Information to establish the defendant's prior convictions pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, subjecting him to a mandatory term of life imprisonment. On December 16, 2008, a jury found the defendant guilty and that 50 grams or more of cocaine base were attributable to him. On March 6, 2009, the defendant was sentenced to a term of life imprisonment to be followed by a 15-year term of supervised release.

On February 28, 2013, the defendant filed a letter that I construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, requesting that he be resentenced in light of *United States v. Simmons*, 649 F.3d

237 (4th Cir. 2011). In its response, the government agreed that the defendant should be resentenced. Accordingly, on July 11, 2013, I granted the defendant's § 2255 motion, vacated his sentence, and directed that he be resentenced.

On November 15, 2013, the defendant was resentenced, and the court applied the 2010 FSA's reduced penalties for offenses involving cocaine base in the resentencing. The defendant was resentenced to 210 months imprisonment to be followed by a five-year term of supervised release.

Because the defendant's sentence has already been reduced in accordance with section 2 of the 2010 FSA, he is ineligible for a further sentence reduction under the 2018 FSA.

Accordingly, it is hereby **ORDERED** that the Motion to Reduce Sentence, ECF No. 3692, is DENIED.

ENTER: April 1, 2019

/s/ *James P. Jones*
United States District Judge